## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**VICTOR BACA,**

       Plaintiff,

vs.                                  Civ. No. 03-389 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Decision filed August 18, 2003. Docket No.10. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

### I.  PROCEDURAL RECORD

Plaintiff, Victor Baca, filed an application for Social Security disability insurance on December 18, 2001. Tr. 50. He alleged a disability since March 20, 2001, due to back, leg and shoulder problems. Tr. 50 and 67. His application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on September 20, 2002. At the hearing, the Plaintiff was represented by counsel. On October 25, 2002, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993):  the claimant has not engaged in post-onset substantial gainful activity; the claimant has "severe" back and left shoulder impairments; the claimant's impairments do not meet

or equal a listed impairment; the claimant's allegations regarding his limitations are not totally credible; the claimant is not able to perform his past relevant work; the claimant has the residual functional capacity to perform a full range of light work; and Medical-Vocational Rules 202.18 and 202.19 direct a finding of not disabled and the claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision.    Tr. 15-23.

The ALJ entered his decision on August 5, 2002.  Thereafter, the Plaintiff filed a request for review.  On January 8, 2003, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr.7.  The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on March 28, 2003.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security

Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1)  he is not engaged in substantial gainful employment; 2)  he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3)  his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or 4) he is unable to perform work he had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff was 43 years old at the time of the ALJ's decision.  Tr. 16.  He has a seventh-grade education and past work experience as a truck driver and laborer.  Tr. 16, 76, 276, and 283.

Plaintiff injured his left shoulder rotator cuff in December of 2000.  Tr. 137.  An MRI showed a rotator cuff tear and impingement.  Tr. 137.  Plaintiff underwent a left shoulder arthroscopy with decompression, a distal clavicle resection, thermal capsulorrhaphy, and open rotator cuff repair on April 4, 2001.  Tr. 134.  Plaintiff's surgeon, Dr. Daniel W. Junick, noted Plaintiff's complaints of continued pain and weakness in the months following the surgery.  Tr. 128, 129, 130, 131, 132.  Dr. Junick released Plaintiff for work in January of 2002 but stated that he "should not do any overhead work including any lifting or repetitive action overhead."  Tr. 125.

Plaintiff has also been examined for back pain.  An MRI of the lumbar spine on February 12,

2001 showed grade 1 spondylolsithesis at L4-5, facet joint arthritic change on the left, moderately severe stenosis of the left neural foramen, mild stenosis of the right, and a slight bulge of the L3-4 disc on the left "in the far left lateral area of uncertain clinical significance."  Tr. 186.  Plaintiff was examined by Dr. Mark Erasmus, a neurosurgeon, on March 20, 2001 and October 11, 2001.  Dr. Erasmus found that Plaintiff's physical and motor examination were normal.  Tr. 120.  His sensory examination "[m]ight show some decreased pinprick on the left leg in non-dernatomal distribution."  Id.  He recommended that the Plaintiff be treated with "physiatry and non-surgically."  Id.  On October 11, 2001, Dr. Erasmus found that he had nothing to offer "other than treatments through the spine clinic at Lovelace."  Tr. 118.  He was treated conservatively by Dr. Pamela O. Black and his pain appeared to be "spontaneously improving" in June of 2001.  Tr. 163.

## IV. DISCUSSION

Plaintiff asserts that the ALJ's credibility finding is not supported by the substantial evidence and that the ALJ improperly relied on the grids.

Credibility finding.

Plaintiff contends that the ALJ improperly discounted his subjective complaints of pain. A review of the decision demonstrates that the ALJ properly considered the evidence in the record and that the substantial evidence supports the ALJ's conclusion that Plaintiff was not credible.

Plaintiff contends that he experiences pain every day and the slightest activity causes pain. Tr. 292--93.  However, as the ALJ properly noted, the medical evidence does not support Plaintiff's complaints of pain.  Plaintiff's back problems were not considered significant and did not require surgery.  Tr. 120.  Although Plaintiff had a shoulder problem, he underwent surgery and his left rotator cuff was successfully repaired. Tr. 125 and 134.  Physical examinations consistently revealed

minimal limitations.  Tr. 119, 123, 145, 152, 156, 158, 160, 162 and 166.  The lack of medical

evidence supporting the degree of severity of alleged pain may lesson a claimant's credibility.

Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993).

The ALJ properly noted that Plaintiff was assessed a 5% impairment rating in his workman's

compensation claim. Tr. 19.  The ALJ further considered that Plaintiff's treating physicians did not

consider him disabled. Tr. 18-20.  Dr. Junick opined that Plaintiff could perform medium work that

did not involve overhead work.  Tr. 125.  Dr. Pamela Black opined that Plaintiff could return to work

with the restriction of "no lifting more than 50 pounds with occasional bending."  Tr. 148.  Drs.

Junick and Black are treating physician and their opinions are entitled to substantial weight.  Reyes

v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988).

The ALJ also considered that was no evidence of treatment after February of 2002.  Moreover

the ALJ properly considered that Dr. Black noted that Plaintiff exhibited fluctuating symptoms during

physical examinations.  Tr. 18 and 20.  Furthermore, the Court notes that two physicians observed

that plaintiff exhibited "symptoms magnification."  Tr. 124 and 263.

In addition, the ALJ considered Plaintiff's functional limitations, daily activities and

medication. Tr. 19.  Thus, the Court finds that the ALJ sufficiently considered the relevant evidence

in assessing Plaintiff's credibility and that substantial evidence supports the ALJ's finding that Plaintiff

was not credible.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Application of the grids.

The Medical-Vocational Guidelines ("grids") are used at step five to determine whether a

disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2.  The grids reflect the existence of jobs in the

national economy at various residual functional capacity levels by incorporating administrative notice

of occupational publications and studies.   20 C.F.R.§§404.1566(d); 416.966(d).   This aids the

Commissioner in determining what specific job types in the national economy the claimant can

perform.   The grids assume that the claimant's sole limitation is lack of strength; i.e. an exertional

impairment.   20 C.F.R. Part 404, Subpt. P, App. 2, §2000(e)(2).     In this matter, the ALJ applied

grids 202.18 and 202.19 which direct a finding of not disabled.   Tr. 22.   However, the ALJ also noted

that "he could not perform overhead reaching with his left upper extremity."   Tr. 20.   Plaintiff argues

that the ALJ erred in applying the grids because reaching is a nonexertional limitation.   While

nonexertional limitations may preclude use of the grids, the girds can be used if the impact of those

impairments does not significantly reduce the underlying job base.   Evans v. Chater, 55 F.3d 530, 532

(10th Cir. 1995).   The ALJ did not make any finding as to whether the limitations of overhead

reaching reduces the underlying job base.   Nor is there any support in the record for such a finding.

Application of the grids requires such a finding.   Talbot v. Heckler, 814 F.2d 1456, 1465 (10th Cir.

1987)("The ALJ, however, must back such a finding of negligible effect with the evidence to

substantiate it.") Thus, this matter must be remanded for the limited purpose of obtaining vocational

expert testimony regarding the occupational consequences of Plaintiff's nonexertional limitation.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand

Administrative Decision is granted for proceedings consistent with this memorandum opinion.


_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**